D. SCOTT CHANG #146403
schang@housingrightscenter.org
AZADEH HOSSEINIAN #306141
ahosseinian@housingrightscenter.org
HOUSING RIGHTS CENTER
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1116
Fax:  (213) 381-8555

Attorneys for Plaintiffs
BLANCA MOLINA, and B.M. and K.M.,
by an through their general guardian
BENITO MOLINA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLANCA MOLINA, an individual, and B.M. and K.M., by and through their general guardian BENITO MOLINA,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MEHRIVAR MEKNUNI, an individual,<br><br>　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF; JURY TRIAL DEMAND |

## I.　INTRODUCTION

1.　Plaintiffs Blanca Molina and her minor children B.M. and K.M., by and through their general guardian, Benito Molina, bring this action against their housing provider, Defendant Mehrivar Meknuni, for injunctive, declaratory and monetary relief for discriminating by failing to make reasonable accommodations for people with disabilities in violation of: the Fair Housing Act, 42 U.S.C. § 3601 et seq.; the California Fair Employment & Housing Act, Cal. Gov't Code § 12927 et seq.; and

the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. Plaintiffs also allege a claim for negligence.

2. Ms. Molina, her husband, and their five minor children have been living in the apartment complex owned and operated by Defendant for approximately 17 years. Ms. Molina's 17 year-old son, B.M., and her nine-year-old daughter, K.M., are individuals with permanent developmental disabilities. During the entire term of Ms. Molina's 17 year tenancy, Ms. Molina and her family had an assigned onsite parking space conveniently located in a parking lot at the rear of their apartment complex. On March 30, 2017, Defendant served the family with a notice stating that effective June 1, 2017 they would no longer be provided with an onsite parking space.

3. B.M. and K.M. require an assigned parking space at the apartment complex in order for the Molina Family to use and enjoy their housing because of B.M.'s and K.M.'s disabilities. Without an assigned parking space, B.M. and K.M. risk injuring themselves as a result of their disabilities. The Molina Family's home is located on a heavily trafficked street. Without an assigned parking space, the Molina family must park on the street, sometimes blocks away from their home. B.M. does not understand that vehicles can be dangerous and was previously hit by a vehicle when he walked onto a busy street. K.M. experiences tantrums and fits from unknown stimuli, including certain sights and smells which could include traffic.

4. After Ms. Molina's family was served with the notice stating that they would no longer have an assigned parking space at the apartment complex, Ms. Molina, through the Housing Rights Center, notified Defendant of her family's disability-related need for reinstatement of their onsite parking space as a reasonable accommodation. Defendant denied Ms. Molina's initial reasonable accommodation request and ignored and/or dismissed Housing Rights Center's five subsequent attempts to obtain a reasonable accommodation on behalf of Ms. Molina.

5. As a result, Ms. Molina and her family have been forced to find street parking on or around the heavily trafficked street where they reside. Finding parking

on this street can be difficult and since B.M. and K.M. cannot be left alone, often times, Ms. Molina has no choice but to park long distances from their apartment and walk back along busy streets with B.M. and K.M. Exposure to busy streets for longer periods of time puts B.M. and K.M. at a significantly increased risk of suffering physical harm.

6. Defendant cannot show that granting a reasonable accommodation and restoring the Molinas onsite parking space imposes an undue administrative or financial burden upon him. Defendant's stated reason for taking Ms. Molina's assigned parking space is that it is being reassigned for the maintenance person's use and for a new trash bin location. However, the trash bin location is arbitrary and tenants continue to throw trash in the old trash bin location. The maintenance person rarely visits the apartment complex and only occasionally uses the parking space. Defendant could therefore provide the Molinas with an assigned, onsite parking space by providing them with the maintenance person's parking spot or placing the trash bin in its previous location.

## II.   JURISDICTION AND VENUE

7. This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because the claims alleged herein constitute discriminatory practices under the Fair Housing Act, 42 U.S.C. 3601 et seq. The court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because Plaintiffs' federal and state law claims are related, arise out a common nucleus of related facts and form the same case and controversy as the federal law claims.

8. This court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Fair Housing Act, 42 U.S.C. § 3613(c).

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) & (2) because Defendant resides in this district and all events giving rise to this complaint occurred in this district.

## III. PARTIES

10. Plaintiff Blanca Molina and her family have resided at the apartment complex located at 6265 Kester Avenue in Van Nuys, California owned and operated by Defendant since approximately 2000. Ms. Molina currently resides there with her husband and their five minor children, including B.M. and K.M. who are individuals with permanent developmental disabilities.

11. Plaintiff B.M. is represented by his general guardian and natural father, Benito Molina. B.M. is Benito and Blanca Molina's 17-year-old son. B.M. is a person with a disability. He has an autoimmune disorder that has permanently interfered with his mental development, requires constant care and supervision, and is unable to properly assess danger.

12. Plaintiff K.M. is represented by her general guardian and natural father, Benito Molina. K.M. is Benito and Blanca Molina's nine-year-old daughter. K.M. is a person with a disability. K.M. is autistic and experiences fits and tantrums resulting from specific exposure to certain unknown sights, smells, and sounds.

13. Defendant Mehrivar Meknuni individually owns and operates a multifamily residential property containing ten apartments, located at 6265 Kester Avenue in Van Nuys, California (the "Subject Property"). Defendant is a resident of Los Angeles County. Defendant is a real estate agent licensed by the California Department of Real Estate. The Subject Property is covered by the Los Angeles Rent Stabilization Ordinance (LARSO), which limits rental increases that can be imposed on existing tenants and restricts the reasons for eviction. The apartments at the Subject Property and associated public and common areas are also "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## IV. FACTS

14. Ms. Molina has lived at the subject property for approximately 17 years. She currently resides there with her husband and their five minor children, including B.M. and K.M., who are individuals with permanent developmental disabilities who

require constant supervision for their safety. Both children receive services through the North Los Angeles Regional Center, an organization under contract with the California Department of Developmental Services (DDS) to provide community-based services for individuals with developmental disabilities.

15. During the entire term of their 17 year tenancy prior to June 1, 2017, Ms. Molina and her family have had one reserved, onsite parking space in the parking lot for residents at the rear of the Molinas' apartment complex. The front of the Molinas' apartment building faces heavily-trafficked Kester Avenue. The parking spaces for residents are located at the rear of the apartment complex, separated by the apartment building from the traffic on Kester Avenue.

16. On March 30, 2017, Defendant provided Ms. Molina and her family a "Notice of Change of Terms of Tenancy," stating that effective June 1, 2017, Ms. Molina and her family would no longer have an assigned parking space because the space would be reassigned "for repair man parking use and new trash bin location." The Molinas and another long-term tenant were the only tenants who no longer have reserved parking spaces. The newer tenants in the other eight units continue to have reserved onsite parking spaces.

17. B.M. and K.M. have developmental disabilities and are unable to adequately assess the presence of danger and therefore walking on a busy street could be dangerous to their physical safety because of their disabilities. B.M. does not understand that vehicles can be dangerous and in the past was hit by a vehicle when he walked onto a busy street. K.M. experiences tantrums from unknown sights, smells, and light that involve screaming, crying, and eloping, and are only made more severe when walking near loud traffic. During such tantrums, K.M. is difficult to control and is a danger to herself, especially when near a busy street.

18. In order to limit the amount of time K.M. spends near streets and moving vehicles, the California Department of Motor Vehicles (DMV) issued a Disabled Person Placard for Ms. Molina's vehicle.

19. Reinstating the Molinas' assigned parking space would ameliorate the effects of B.M. and K.M.'s disabilities by allowing the Molina family an equal opportunity to use and enjoy their apartment without risking B.M. and K.M.'s physical safety, just like other residents of the Molina's apartment complex who do not have disabilities.

20. After receiving notice that her family would no longer have access to onsite parking, Ms. Molina contacted the Southern California Housing Rights Center ("Housing Rights Center") for assistance with requesting a reasonable accommodation from the Defendant.

21. On May 3, 2017, a Housing Rights Center Case Analyst contacted Defendant and spoke with him regarding the Molinas' disability-related need for restoring their assigned parking space as a reasonable accommodation. Defendant refused to grant the requested accommodation. He said that the Molinas' parking space is one of the two spaces that would be used for the new trash bin location and maintenance person's assigned parking space.

22. On May 4, 2017, a Housing Rights Center Case Analyst sent a written request on behalf of the Molinas to Defendant requesting that he restore the Molinas' assigned parking space as a reasonable accommodation. The letter included a medical doctor's note verifying that K.M. requires special access to parking due to her disability and documentation showing that K.M. was issued a Disabled Persons Placard by the DMV. Defendant did not respond to the Molinas' written request for a reasonable accommodation.

23. Two weeks later, on May 18, 2017, a Housing Rights Center Case Analyst sent an email to Defendant on behalf of the Molinas asking that he respond to the Molinas' reasonable accommodation request. Defendant did not respond to the email.

24. On June 2, 2017, a Housing Rights Center Case Analyst sent a second letter to Defendant again requesting that he restore the Molinas' assigned parking

space as a reasonable accommodation. Defendant did not respond to the Molinas' second written request for a reasonable accommodation.

25. On July 27, 2017, a Housing Rights Center Case Analyst sent a second email to Defendant again requesting that he grant the Molinas' requested reasonable accommodation. Defendant again failed to respond to the Molinas' request that he restore their assigned parking space as a reasonable accommodation.

26. On August 17, 2017, a Housing Rights Center attorney sent a letter to Defendant on behalf of the Molinas again requesting that he reinstate Ms. Molina's assigned parking space as a reasonable accommodation for B.M. and K.M.'s disabilities. Defendant responded to the letter with a single sentence email stating "[s]top harassing us."

27. Because Defendant denied Ms. Molina's reasonable accommodation request, she has been forced to find street parking near the Molinas' apartment complex, which is located on a heavily-trafficked avenue where street parking is difficult to find. Since Ms. Molina cannot leave her disabled children alone, Ms. Molina often has no choice but to park long distances from their apartment and walk back along busy streets with B.M. and K.M. Longer exposure to the heavily-trafficked streets around their apartment puts B.M. and K.M. at a significantly increased risk of suffering physical harm.

28. In order to limit her children's exposure to the heavily-trafficked streets around their apartment, Ms. Molina wakes up early in the morning and, if a space is available, parks her vehicle on Kester Avenue directly in front of their apartment complex. After Defendant noticed Ms. Molina parking her car in front of the Molinas' apartment complex, Defendant began purposefully placing bulky items on the street in front of the apartment complex to make it difficult for Ms. Molina to park her vehicle there.

29. Granting the Molinas' request for a reasonable accommodation to restore their assigned parking space would not impose an undue financial or

administrative burden on Defendant.  The trash bin location is arbitrary and most tenants continue to throw their trash in the old trash bin location. The maintenance person rarely visits the property and therefore only occasionally uses his parking space.  Defendant could therefore provide the Molinas with an assigned, onsite parking space by providing them with the maintenance person's parking spot or placing the trash bin in its previous location.

30. Unless enjoined, Defendant will continue to engage in the unlawful acts described above.  Plaintiffs have no adequate remedy at law.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' acts unless relief is provided by this court.

31. As a result of Defendant's unlawful conduct, Ms. Molina, B.M., and K.M. have suffered injury. Ms. Molina, B.M., and K.M. have suffered a violation of their civil rights. Ms. Molina has suffered, and is still suffering emotional distress, including sleeplessness, loss of appetite, stress, anxiety, and insult.

32. Defendant's unlawful practices, as described above, were intentional, wanton, malicious, fraudulent, oppressive; were intended to cause injury; and were done in conscious, callous, reckless, and deliberate disregard for the federally protected rights of Ms. Molina, B.M., and K.M.

## V. CLAIMS FOR RELIEF

### A.  FIRST CLAIM FOR RELIEF

[Fair Housing Act]

*42 U.S.C. § 3601 et seq.*

33. Plaintiffs herein reallege and incorporate by reference all the preceding paragraphs of this Complaint.

34. Defendant injured Plaintiffs in violation of the Fair Housing Act by:
   a. Discriminating in the terms, conditions, or privileges of sale or rental of a dwelling on the basis of disability in violation of 42 U.S.C. § 3604(f)(2); and,

      b.    Discriminating by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford persons with disabilities equal opportunities to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

## B. SECOND CLAIM FOR RELIEF
### [California Fair Employment and Housing Act]
*Cal Gov't Code § 12927 et seq.*

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 of the complaint as if fully set forth herein.

36. Defendant injured Plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

      a.    Discriminating because of disability in violation of California Government Code § 12955(a) by imposing inferior terms, conditions, privileges, facilities or services in connection with housing accommodations; and,

      b.    Discriminating because of disability in violation of California Government Code §§ 12955(a) by refusing to make reasonable accommodations in rules, policies, practices or services when those accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling.

## C. THIRD CLAIM FOR RELIEF
### [Negligence]
Plaintiff Blanca Molina v. Defendant

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 32 of the complaint herein.

38. Defendant was negligent because, as stated above, (1) Defendant violated the Fair Housing Act, 42 U.S.C. § 3604(f) and the Fair Employment and Housing

Act, Cal. Gov't Code § 12955; (2) Defendant's statutory violations were a substantial factor in bringing about the harm suffered by Plaintiff, including both economic loss and emotional distress; (3) the Fair Housing Act and the Fair Employment and Housing Act were intended to prevent actions like those of Defendant; and (4) the Fair Housing Act and Fair Employment and Housing Act were intended to protect persons like Plaintiff.

39. As a legal result of Defendant's negligent conduct, Ms. Molina suffered humiliation, mental anguish, severe emotional distress and severe personal injury, including bodily injury such as headaches, stomachaches and loss of sleep, and other special and general damages according to proof.

## VI. RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. Preliminarily and permanently enjoin all unlawful practices alleged in this complaint and impose injunctive relief prohibiting Defendant, his partners, agents, employees, assignees, and all persons acting in concert or participating with them, from violating the unlawful practices alleged herein;

2, Enter a permanent injunction directing Defendant and his directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

3. The Court declare that Defendant has violated the provisions of applicable federal and state laws;

4. The Court award compensatory damages for loss of civil rights and punitive damages to Plaintiff Blanca Molina according to proof;

5. The Court award damages for loss of civil rights and punitive damages to Plaintiffs B.M. and K.M according to proof;

6. The Court grant reasonable attorneys' fees and costs of the suit to Plaintiffs; and,

7. The Court grant all such other relief as the Court deems just.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

Respectfully Submitted,

D. SCOTT CHANG
AZADEH HOSSEINIAN
HOUSING RIGHTS CENTER

By  */s/ D. Scott Chang*
      D. Scott Chang

Attorneys for Plaintiffs Blanca Molina, B.M. and K.M.

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF