D. SCOTT CHANG #146403
schang@housingrightscenter.org
AZADEH HOSSEINIAN #306141
ahosseinian@housingrightscenter.org
HOUSING RIGHTS CENTER
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1116
Fax:  (213) 381-8555

Attorneys for Plaintiffs
BLANCA MOLINA, and B.M. and K.M.,
by an through their guardian ad litem
BENITO MOLINA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BLANCA MOLINA, an individual, and B.M. and K.M., by and through their guardian ad litem BENITO MOLINA, <br><br> Plaintiffs, <br><br> vs. <br><br> MEHRIVAR MEKNUNI, an individual, <br><br> Defendant. | Case No.: 2:18-cv-02130-RGK(PJWx) <br><br> NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Judge:Hon. R. Gary Klausner <br> Hearing Date: March 25, 2019 <br> Hearing Time: 9:00 a.m. <br> Courtroom: 850 <br><br> Pretrial Conf. Date:  March 25, 2019 <br> Trial Date:  April 9, 2019 <br><br> **FILED UNDER SEPARATE COVER** <br><br> (2) Declaration of D. Scott Chang <br> (3) Declaratio of Benito Molina Sr. <br> (4) [Proposed] Order |

**NOTICE OF MOTION OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on April 1, 2019 at 9:00 a.m. in Courtroom 850 of the Roybal Federal Building and Courthouse, Benito Molina, guardian ad litem for Plaintiff K.M., will and hereby does move this Court for an order approving the proposed minor's compromise. This motion is brought pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, Local Rule 17-1 and is based on this notice of motion and motion, the Memorandum of Points and Authorities, the records and files of this Court, the declaration of Benito Molina, guardian ad litem for K.M., and the declaration of Plaintiffs' counsel, D. Scott Chang, and supporting exhibits.

Defense counsel, John Schlanger, has been given notice of this motion and does not oppose it.

Dated: March 4, 2019

HOUSING RIGHTS CENTER


By: _____ /s/ *D. Scott Chang* _____
D. Scott Chang
Attorneys for Plaintiffs and Petitioner

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ORDER APPROVING MINOR'S COMPROMISE</u>

## <u>TABLE OF CONTENTS</u>

**Page**

I. INTRODUCTION……………………………………………………….    1

II. BACKGROUND………………………………………………………    2

    A. Factual Background…………………………………………………..    2

    B. The Proposed Settlement………………………………………………..    2

III. DISCUSSION

    A. Legal Standard…………………………………………………...    3

    B. The Net Amount To Be Distributed to K.M. is Fair and
Reasonable………………………………………………………….    5

    C. The Settlement is Fair and Reasonable in Light of the Attorney Fees
and Costs……………………………………………………………    7

    D. Petitioner Requests That the Settlement Be Placed in a Blocked Account
and that the Bond Requirement Be Waived…………………………    9

IV. CONCLUSION…………………………………………………………    10

## I.    INTRODUCTION

Benito Molina, guardian ad litem for Plaintiff K.M., moves the Court for an order approving a minor's compromise of the settlement for his minor daughter K.M. and the proposed distribution of K.M.'s funds.

K.M. is a 10 year-old female minor.  (Benito Molina Sr. Decl. ("Molina Decl.") ¶ 2)  She was born on October 9, 2008.  (*Id.*)  The other Plaintiffs in this action are Blanca Molina, K.M.'s natural mother, and Benito Molina Jr.[1], K.M.'s natural older brother.  (*See* Complaint, ECF Doc. No. 1, ¶¶ 10-12.)  K.M.'s guardian ad litem, Benito Molina Sr., is her natural father.  (Molina Decl. ¶ 1.)   The instant claims in this action arose from Defendant Mehrivar Meknuni's alleged denial of a request for a reasonable accommodation in violation of federal and state fair housing laws.  (*Id.* ¶ 3.)  Specifically, Ms. Molina requested that their onsite parking space be reinstated because of K.M. and Benito Molina Jr.'s disability-related need for an onsite parking space.  (*Id.*)

After investigation and litigation through the end of the discovery period, on January 17, 2019, the parties participated in mediation through the Court's Alternative Dispute Resolution Program. (Declaration of D. Scott Chang ("Chang Decl.") ¶ 16.) With the assistance of mediator Carol Gillam, the parties arrived at a global settlement of the entire case. (*Id.*)  The negotiated settlement agreement required the Defendant to immediately restore the Molina family's onsite parking space and allows the Molina family to continue to reside in their affordable, rent-controlled apartment in Van Nuys, California. (*Id.* ¶¶ 19-20.)

Petitioner is seeking approval of the settlement in which K.M. will receive $4,000 of the $60,000.00 global monetary settlement amount.  Under the settlement

---

[1] Benito Molina Jr. was a minor when the case was originally filed. Benito Molina Jr. was born on October 13, 2000 and is now 18 years of age.  Plaintiffs have filed a Petition for Termination of Guardian Ad Litem for Benito Molina, Jr. separately with this motion for approval of minor's compromise.

1    as proposed, Plaintiff Blanca Molina will receive $22,000.00, Benito Molina Jr. will

2    receive $4,000.00 and Plaintiffs' counsel will receive $22,373.11 in attorneys' fees

3    and $7,626.89 in reimbursement for advanced litigation costs.

4    **II.      BACKGROUND**

5          Plaintiff Blanca Molina, her husband, and their five children have lived  in an

6    apartment complex in Van Nuys, California for approximately 17 years. (Complaint,

7    ECF Doc. No. 1, ¶ 2.) During the entire term of Ms. Molina's 17-year tenancy, her

8    family had an assigned onsite parking space located in a parking lot at the rear of the

9    apartment complex. (*Id.*)

10         In 2017, Defendant took away Plaintiffs' onsite parking space.  (*Id.* ¶ 16.)

11   Plaintiffs Benito Molina Jr. and K.M., however, require a parking space at the

12   apartment complex in order to use and enjoy their housing due to their disabilities.

13   (*Id.* ¶ 3.) The Molina family's home is located on a heavily trafficked street and

14   without a parking space, the Molina family must park on the street, sometimes blocks

15   away from their home. (*Id.*)  As a result of K.M. and Benito Molina Jr.'s disabilities,

16   they are unable to assess the presence of danger and exposure to traffic could be

17   danagerous to their physical safety. (*Id.*)  Without an assigned parking space, K.M.

18   and Benito Molina Jr. risked injuring themselves as a result of their disabilities. (*Id.*)

19         Plaintiff Blanca Molina, through the Housing Rights Center, requested a

20   reasonable accommodation for reinstatement of the onsite parking space on six

21   separate occasions via telephone, letters, and e-mail communications.  (*Id.* ¶ 4.)

22   However, Defendant refused to restore the Molina Family's parking space as a

23   reasonable accommodation.  (*Id.*)

24   **III.     DISCUSSION**

25         **A.      <u>Legal Standard</u>**

26         "District courts have a special duty, derived from Federal Rules of Civil

27   Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux*

28   *v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty requires a

1   district court to "conduct its own inquiry to determine whether the settlement serves

2   the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075,

3   1080 (9th Cir. 1978).

4        The Ninth Circuit has held that the approval of a minor's compromise is

5   limited to determining whether  the settlement of a minor's claim is fair and

6   reasonable. In *Robidoux*, the Ninth Circuit explained that courts should "limit the

7   scope of their review to the question of whether the net amount distributed to each

8   minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case,

9   the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at

10  1181-82 (citing *Dacanay*, 573 F.2d at 1080).  The Ninth Circuit held that courts

11  should "evaluate the fairness of each minor plaintiff's net recovery without regard to

12  the proportion of the total settlement value designated for adult co-plaintiffs or

13  plaintiffs' counsel – whose interests the district court has no special duty to

14  safeguard." *Id*. "So long as the net recovery to each minor plaintiff is fair and

15  reasonable in light of their claims and average recovery in similar cases, the district

16  court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d

17  at 1182.  The standards set forth in *Robidoux* are limited to "cases involving

18  settlement of a minor's federal claims."  *Id*. at 1179 n.2.

19        The Central District has specific rules that apply to a minor's compromise.

20  Local Rule 17-1.2 mandates that "no claim involving a minor shall be settled,

21  compromised, or dismissed without leave of the Court embodied in an order,

22  judgment, or decree." Local Rule 17-1.3 states that insofar as practicable courts

23  should follow the procedures set forth in Cal. Civ. Code § 372 and California Rule

24  of Court 3.1384 in determining whether to approve a minor's compromise.  Under

25  California law, the court is required to evaluate "the reasonableness of the settlement

26  and determine whether the compromise is in the best interests of the minor." *A. M. L.*

27  *v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 U.S. Dist. LEXIS 197216, at

28  *7 (C.D. Cal. Apr. 1, 2014) (citing *Anderson v. Latimer*, 166 Cal. App. 3d 667, 676

1   (1985); *Pearson v. Superior Court*, 202 Cal. App. 4th 1333, 1338 (2012);

2   *Espericueta v. Shewry*, 164 Cal. App. 4th 615, 627 (2008)).  Local Rule 17-1.4

3   specifically requires courts in the Central District to approve the amount of attorneys'

4   fees in settlement of minor's claims.

5        A majority of district courts in the Central District have applied the *Robidoux*

6   standard to state law claims brought in federal court.  *See Johnson v. Cty. of*

7   *Riverside*, No. EDCV 14-00013-VAP (DTBx), 2015 U.S. Dist. LEXIS 192358, at *4

8   (C.D. Cal. May 13, 2015) (applying the *Robidoux* standard); *Bagley v. Miller &*

9   *Desatnik Mgmt. Co*., No. CV-13-03784-MWF (JEMx), 2014 U.S. Dist. LEXIS

10  195325, at *4-9 (C.D. Cal. Mar. 17, 2014) (same); *Taylor v. Kelly-Moore Paint Co*.,

11  No. CV 11-8886-CAS (MANx), 2013 U.S. Dist. LEXIS 27868, at *1-3 (C.D. Cal.

12  Feb. 26, 2013) (same); *Aguirre v. Manitx Skycrane*, LLC, No. SACV 10-1591-

13  JVS(PJWx), 2011 U.S. Dist. LEXIS 163012, at *2 (C.D. Cal. Apr. 21, 2011) (same);

14  *Hart v. Premier Apartments, LLC*, No. CV 16-8395 FMO (Ex), 2017 U.S. Dist.

15  LEXIS 194538, at *7-8 (C.D. Cal. Nov. 27, 2017) (applying the *Robidoux* standard

16  but also considering Plaintiffs' attorneys' fees); *see also, A. M. L. v. Cernaianu*, No.

17  LA CV12-06082 JAK (RZx), 2014 U.S. Dist. LEXIS 197216, at *9, 2014 WL

18  12588992 (C.D. Cal. Apr. 1, 2014) (holding that minor's compromise was fair and

19  reasonable under federal and California standards.) A minority of courts in the

20  Central District have indicated that petitioners must comply more fully with state

21  court procedures.  *See Helman v. Alcoa Glob. Fasteners, Inc*., No. 2:09-cv-01353-

22  SVW-SS, 2012 U.S. Dist. LEXIS 197483, at *2 (C.D. Cal. Oct. 11, 2012) (noting

23  state court requirements and denying petition for failure to provide sufficient

24  information).

25        In this case, under either federal or California standards, the proposed minor's

26  compromise is fair and reasonable. *See A. M. L.*, 2014 U.S. Dist. LEXIS 197216, at

27  *9.

28

**B.**      <u>**The Net Amount To Be Distributed to K.M. is Fair and Reasonable**</u>

The net amount proposed to be distributed to K.M. as part of the settlement is fair and reasonable, satisfying both federal and California standards. *See id.*  Under the settlement, K.M. will receive $4,000.  The amount to be provided to K.M. is reasonable "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *See Robidoux*, 638 F.3d at 1181-82.

In the instant case, Defendant allegedly denied Plaintiffs' request for a reasonable accommodation for an onsite parking space that was needed because of K.M. and Benito, Jr.'s disabilities. (Molina Decl. ¶3.)  K.M. was not the direct subject of any overtly discriminatory acts or statements.  (*Id.* ¶ 9;) *see Bor v. PPC WSSC LLC*, No. 11-cv-03430-LHK, 2012 U.S. Dist. LEXIS 58050, at *9 (N.D. Cal. Apr. 25, 2012) (approving minor's compromise based in part on on whether minors were directly subject to discriminatory acts and practices). She was never told that a request had been made to restore the family's parking space because of her disabilities or that the request was denied. (Molina Decl. ¶ 9.)   Furthermore, Petitioner Benito Molina and his wife Plaintiff Blanca Molina took precautions to ensure that K.M.'s safety was not at risk and that she was minimally impacted by the removal of the onsite parking space. (Molina Decl. ¶ 10.)

K.M. was not physically or emotionally harmed as a result of Defendant's discriminatory conduct. (Benito Molina Decl. ¶ 12;) *see Bagley,* 2014 U.S. Dist. LEXIS 195325, at *8; *Bor*, 2012 U.S. Dist. LEXIS 58050, at *8 (same). K.M. has not received and does not plan to receive any medical or psychological treatment as a result of Defendant's conduct. (*Id.* ¶ 12;) *see Bor*, 2012 U.S. Dist. LEXIS 58050, at *8.

The settlement amount to be distributed to K.M. is consistent with settlements for minors in fair housing cases in California district courts.  *See, e.g.*, *Carroll v. Sparhawk*, No. 17-cv-2020-CAB-AGS, 2019 U.S. Dist. LEXIS 15831, at *1 (S.D. Cal. Jan. 31, 2019) (approving settlement of $4295 for minor plaintiffs); *Faustino v.*

1   *Cent.* SDHC FHA LLC, Case No. 16-cv-2326-BAS-AGS, 2018 U.S. Dist. LEXIS

2   51008, at *4, 2018 WL 1510544 (S.D. Cal. Mar. 27, 2018) (approving each minor's

3   $3,000 for his or her compromise of FHA claim); *Bagley*, 2014 U.S. Dist. LEXIS

4   195325, at *7 (approving settlement of $1,500 for minor plaintiff); *Guerra v. Madera*

5   *Mgmt. Co.*, No. 1:11-CV-01488-LJO, 2012 U.S. Dist. LEXIS 146579 at *2, 2012

6   WL 4833804 (E.D. Cal. Oct.10, 2012) (approving settlement of minor's claim for

7   $2,500); *Gonzalez v. Diversified Real Prop. Mgmt. & Bus. Servs.*, No. SA CV 09-718

8   PA (RNBx), 2010 U.S. Dist. LEXIS 144488, at *3-4, 2010 WL 10105756, (C.D. Cal.

9   Mar. 29, 2010) (approving settlement of each minor's claims for $2,500).

10          Furthermore, the net amount proposed to be awarded to K.M. is consistent with

11  the minimum statutory damage awarded under Unruh Civil Rights Act ("Unruh

12  Act"), Cal. Civ. Code §§ 51-52, and the California Disabled Persons Act, Cal. Civ.

13  Code § 54.1. The Unruh Civil Rights Act prohibits disability discrimination by

14  business establishments, including apartment complexes. Cal. Civ. Code 51(a)*; see*

15  *Marina v. Wolfson*, 30 Cal. 3d 721, 731(1982).  Under the Unruh Act, a plaintiff is

16  entitled to minimum statutory damages of $4,000.00.[2] Cal. Civ. Code 52(a).  A

17  plaintiff need not show actual damages to recover the minimum statutory damages.

18  *See Koire v. Metro Car Wash*, 40 Cal.3d 24, 33, 219 Cal. Rptr. 133, 707 P.2d 195

19  (1985) (stating that Unruh Act "provides for damages aside from any actual damages

20  incurred by the plaintiff.").

21          The California Disabled Person Act specifically covers failures to make

22  reasonable accommodations in housing.  Cal. Civ. Code § 54.1(b)(3)(B) ("Any

23  person renting, leasing, or otherwise providing real property for compensation shall

24  not refuse to make a reasonable accommodations…when those accommodations may

25  _____

26  [2] However, the Unruh Act is limited to intentional discrimination claims and the Unruh Act may not
    cover failures to make reasonable accommodations.  *Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668
    (2009) (noting that a plaintiff must prove intentional discrimination under the Unruh Act);

27  *Rodriguez v. Morgan*, No. CV 09-8939-GW(CWx), 2012 U.S. Dist. LEXIS 9643, at *10 (C.D. Cal.
    Jan. 26, 2012) (holding that the Unruh Act does not cover reasonable accommodation claims).

28

1   be necessary to afford individuals with a disability equal opportunity to use and enjoy

2   the premises.")  The Disabled Persons Act provides for minimum statutory damages

3   of $1,000.00 per violation. Cal. Civ. Code § 54.3(a).

4          In this case, K.M. did not suffer any emotional or physical injury because of

5   Defendant's alleged failure to make a reasonable accommodation.  Minimum

6   statutory damages are available under the Unruh Act and the Disabled Persons Act to

7   plaintiffs like K.M. in the absence of any actual injury.  Although Plaintiffs did not

8   bring a claim under the Unruh Act or the Disabled Persons Act, K.M. would have

9   been entitled to a minimum statutory damages of  $1,000 or $4,000 if Plaintiffs had

10  alleged claims for relief under the Acts.  The net distribution of $4,000.00 to K.M. is

11  fair and reasonable in light of minimum statutory damages available under the Unruh

12  Act and the Disabled Persons Act.

13         Accordingly, the overall settlement amount for K.M. is fair and reasonable

14  given the facts of the case, K.M.'s specific claim, and recoveries in similar cases.

15  **C.    The Settlement is Fair and Reasonable in Light of the Attorney Fees**
        **and Costs**
16

17         The proposed settlement for K.M. is reasonable even if attorneys' fees are

18  considered.[3]  California Rule of Court 7.955 provides several factors that a court may

19  consider in determing whether attorneys' fees are reasonable, including including:

20  "(i) the amount of the fee in proportion to the value of the services performed; (ii) the

21  amount involved and the results obtained; (iii) the experience and ability of the

22  attorneys; (iv) the time and labor required; (v) the informed consent of the

23  representative of the minor to the fee; (vi) whether the fee was fixed or

24  contingent. . .  ." *A. M. L.*, 2014 U.S. Dist. LEXIS 197216, at *12 (citing Cal. R. Ct.

25  7.955).

26         Plaintiffs' counsel have substantial experience in litigating fair housing cases.

27  _____

28  [3] Under *Robidoux*, the court evaluates "the fairness of each minor plaintiff's net recovery" without regard to the proportion of the total settlement value designated for plaintiffs' counsel. *Robidoux*, 638 F.3d at 1182.

1   (Chang Decl. ¶¶ 24-27.)   During the course of the litigation, Plaintiffs propounded

2   substantial written discovery, filed a motion to compel, deposed Defendants and an

3   agent of Defendants, prepared Plaintiff Blanca Molina and Benito Molina for

4   deposition and defended their depositions, interviewed and obtained declarations

5   from witnesses and conducted substantial research in anticipation of drafting a

6   motion for partial summary judgment.  (*Id*. ¶¶ 4-16.)

7        Plaintiffs obtained a substantial settlement for the Molina Family comparable

8   to other reasonable accommodation cases involving parking.  (*Id*. ¶ 21.)  In addition

9   to the monetary relief, Plaintiffs' counsel negotiated for the immediate reinstatement

10   of the Molina's onsite parking space and ensured that Plaintiffs would remain in their

11   affordable, rent-controlled apartment in Van Nuys.  (*Id*. ¶¶ 19-20.)

12        Petitioner and Plaintiff Blanca Molina agreed to terms of the settlement,

13   including the attorneys' fees.  (*Id*. ¶ 21.)  Further, Petitioner's counsel advanced all

14   costs and represent Plaintiffs and Petitioner under contingency fee arrangement.[4] (*Id*.

15   ¶¶ 17-18.)

16        Plaintiffs' counsel is requesting $22,373.11 for attorneys' fees, which is

17   approximately 37% of the global settlement amount.  (*Id*. ¶ 23.)  The requested

18   amount of fees constitutes a 70.6% reduction from lodestar attorney fees before the

19   exercise of billing judgment. (*Id*. ¶ 32.)   The proportion of attorneys' fees requested

20   is within the range of general contingency fees and within the range of attorney fees

21   awards in fair housing cases involving minor plaintiffs.  *See see Riddle v. Amtrak*,

22   No. 3:14-CV-01231-JLS(WVG), 2014 U.S. Dist. LEXIS 157237, at *14-15, 2014

23   WL 5783825 (citations omitted) (holding that a contingency fee arrangement

24   between 33 % and 50 % is widely utilized in the legal system); *Robidoux*, 638 F.3d at

25

26   [4] Under the retainer agreement between the Housing Rights Center and Plaintiffs, which was translated from English to Spanish for Plaintiffs, the Housing Rights Center's attorneys are entitled

27   to one-third (33%) of the total global amount or the reasonable value of the Housing Rights Center attorneys' accumulated fees, whichever is greater, plus reimbursement for any advanced costs

28   (Chang Decl. ¶ 17, Retainers, Ex. 1-2 to Chang Decl.)

1   1179 (reversing and remanding district court's decision to limit attorneys' fees

2   to 33% of settlement in fair housing case); *Dumas v. Sunview Props.*, No. 13cv1425-

3   WQH (JLB), 2015 U.S. Dist. LEXIS 27878, at *6 (S.D. Cal. Jan. 29, 2015)

4   (approving a settlement where attorneys' fees comprised 72% of the settlement in a

5   fair housing case); *Guerra v. Madera Mgmt. Co*., No. 1:11-cv-01488-LJO-BAM,

6   2012 U.S. Dist. LEXIS 132510, at *4 (E.D. Cal. Sep. 17, 2012) (approving settlement

7   in which attorneys' fees comprised 31.7% of the settlement).

8   The costs incurred by Plaintiffs' counsel are also reasonable.  Plaintiffs seek

9   reimbursement for expenses in the amount of $7,626.89.  A substantial portion of the

10   costs were incurred to retain an expert to assist in establishing that the Molina Family

11   had a disability-related need for a reserved parking space and for deposition

12   transcripts.  Other major categories of expenses are interpreter services, mediation

13   services and legal support services.

14   **C.** **Petitioner Requests That the Settlement Be Placed in a Blocked**
    **Account and that the Bond Requirement Be Waived**

15

16   Petitioner requests that in the interest of efficiency and ease of set-up and

17   administration that this Court, in lieu of payment to the registry, order that K.M.'s

     settlement check in the amount of $4,000.00 be deposited in a blocked account at a

18   federally insured bank, savings or credit union from which no withdrawals can be

19   made with a court order. (Molina Decl. ¶¶ 14-16, 18; Prop. Ord. ) *see Hart*, 2017 U.S.

20   Dist. LEXIS 194538 at *12; *Faustino*, 2018 U.S. Dist. LEXIS 51008, at *5.

21   Petitioner also requsts that this Court waive the bond requirement contained in Local

22   Rule 17-1.7. (Molina Decl.¶ 17;) *see Hart*, 2017 U.S. Dist. LEXIS 194538 at *11.

23   No party will be prejudiced by waiving the bond requirement because K.M.'s net

24   distribution will be placed in a blocked account. *see Hart*, 2017 U.S. Dist. LEXIS

25   194538 at *11; *Faustino*, 2018 U.S. Dist. LEXIS 51008, at *5.

26

27

28

1    **IV.    CONCLUSION**

2          For the foregoing reasons, Petitioner respectfully requests that the Court

3    approve the compromise for minor K.M.

4          Dated: March 4, 2019

5                                    HOUSING RIGHTS CENTER

6

7

8                    By: _____/s/ _D. Scott Chang_____
                                  D. Scott Chang
9                                 Attorneys for Petitioner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I am over the age of 18 years and am not a party to the within action.  My business address is 3255 Wilshire Boulevard, Suite 1150, Los Angeles, CA 90010.

On 03/04/2019, I served a true and correct copy of the following document(s):  1) **NOTICE OF UNOPPOSED MOTION AND MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**; 2) **DECLARATION OF D. SCOTT CHANG IN SUPPORT OF UNOPPOSED MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE**; 3) **DECLARATION OF BENITO MOLINA, GUARDIAN AD LITEM FOR K.M. IN SUPPORT OF MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE**; 4) **[PROPOSED] ORDER RE UNOPPOSED MOTION FOR APPROVAL OF MINOR K.M.'S COMPROMISE** upon the following person(s):

| | |
|---|---|
| John Schlanger<br>**ATTORNEY AT LAW**<br>13837 Cantley Street<br>Van Nuys CA 91405-2609<br>Tel:  (818)785-3755 / Fax:  (818)785-4742<br>Email:  johnschlan@aol.com | Attorney(s) for Defendant(s) |

In the following manner(s):

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF System.  Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on this 03/04/2019 at Los Angeles, California.

Vickie Scarborough-Willis

-1-
CERTIFICATE OF SERVICE